IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CURT ALLEN BYRON,**<br><br>Petitioner,<br><br>v.<br><br>**SUPERIOR COURT OF CALIFORNIA,**<br><br>Respondent. | **Case No. 1:13-cv-00456 MJS (HC)**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented by David Eldridge of the office of the California Attorney General. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 13-14.)

I.   **PROCEDURAL BACKGROUND**

Petitioner, a probationer, is currently in the custody of Respondent pursuant to a judgment of the Superior Court of California, County of Kern, following his June 12, 2012 convictions by jury trial of misdemeanor counts of resisting a police officer and driving without a driver's license, and the infraction of driving an unregistered vehicle. (Lodged Doc. 4, Reptr's Tr. at 130, 144.) On June 13, 2013, the trial court sentenced Petitioner to three years of probation, 30 days in custody, 200 hours of community service, and

1    monetary fines. (Id. at 155-56.)

2        Petitioner appealed the conviction. On September 26, 2012 he filed an appeal

3    with the state superior court. (Lodged Doc. 5.) On January 4, 2013, the superior court

4    affirmed the judgment without opinion. (Lodged Doc. 7.) On the same date, Petitioner

5    filed an application to certify the case for transfer to the state court of appeal. (Lodged

6    Doc. 8.) On February 5, 2013, Petitioner filed a petition for writ of mandate with the

7    California Court of Appeal. (Lodged Doc. 11.) The petition was denied on February 15,

8    2013. (Id.) Petitioner then sought review from the California Supreme Court. (Lodged

9    Doc. 12.) The Supreme Court denied the petition for review on March 13, 2013. (Id.)

10       Petitioner filed his federal habeas petition on March 18, 2013. (Pet., ECF No. 1.)

11   The petition raises two grounds for relief: 1) that the trial court lacked jurisdiction

12   because the criminal complaint was not verified; 2) and that Petitioner's Equal Protection

13   rights were violated because the court allowed the prosecution to discuss the laws at

14   issue for Petitioner's criminal cats, but prohibited him from discussing his view of the

15   laws at issue. (Id.)

16       Respondent filed an answer to the petition on July 8, 2013. (Answer, ECF No.

17   15.) Petitioner did not file a traverse. The matter stands ready for adjudication.

18   **II.    STATEMENT OF THE FACTS**

19       On February 18, 2012, California Highway Patrol officer Barnes watched

20   Petitioner walk from a store at a Shell gas station to a vehicle lacking registration tags

21   and drive onto a public road. (Reptr's Tr. ("RT") at 32-35, Lodged Doc. 4.)  Based on

22   prior contact with Petitioner, Barnes knew Petitioner was not licensed to drive. (Id.)

23   Barnes made a traffic stop of the vehicle. (Id.)

24       At the stop, Petitioner refused to show a driver license or proof of vehicle

25   registration. (RT at 36-37.) Petitioner ultimately gave Barnes a passport, and a resulting

26   computer check revealed Petitioner's driver license had expired in 2010 and the vehicle

27   registration had expired in 2006. (Id. at 38-39.) Barnes informed Petitioner that he would

28   be cited, and then went to his vehicle and drafted the citation. (Id. at 39-40.) When

1  Barnes returned to Petitioner's vehicle, Petitioner refused to sign the citation. (Id. at 39-
2  40.) Barnes directed Petitioner to exit, but Petitioner announced he could not exit
3  because he had chained himself inside the vehicle. (Id. at 40.) Petitioner would not
4  unlock himself, and he declined to give Barnes the keys to the locks. (Id. at 41.)
5  Petitioner explained to the officer that he did not have to have a driver license or vehicle
6  registration. (Id. at 41.) Backup arrived and Petitioner was unchained and removed. (Id.
7  at 42-44.)

8        At trial, Petitioner testified that he removed the vehicle registration tags, that the
9  California Vehicle Code is unconstitutional, and that he should not have been pulled
10  over for suspicion of unlicensed driving. (RT at 82-84.) Petitioner admitted that his driver
11  license was expired and he refused to register his vehicle (Id. at 87). Petitioner had
12  carried chains in his vehicle for the specific purpose of resisting law enforcement efforts.
13  (Id. at 85, 87.)

14        A jury convicted him of misdemeanor resisting an officer, Cal. Penal Code §
15  148(a)(1) and misdemeanor driving without a driver license, Cal. Veh. Code § 12500(a).
16  The court convicted him of operating or parking an unregistered vehicle, an infraction.
17  Cal. Veh. Code § 4000(a). (CT at 149-50; RT at 140, 144.) On the misdemeanors,
18  imposition of sentence was suspended and he was put on three years probation subject
19  to the conditions he serve thirty days in county jail and perform 200 hours community
20  service. On the infraction, he was punished by a fine. (RT at 154-56.)

21  **III.**  **GOVERNING LAW**

22      **A.**  **Jurisdiction**

23        Relief by way of a petition for writ of habeas corpus extends to a person in
24  custody pursuant to the judgment of a state court if the custody is in violation of the
25  Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. §
26  2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000).  Petitioner asserts that he
27  suffered violations of his rights as guaranteed by the U.S. Constitution.  In addition, the
28  conviction challenged arises out of the Kern County Superior Court, which is located

1   within the jurisdiction of this court.  28 U.S.C. § 2241(d); 2254(a). Accordingly, the Court

2   has jurisdiction over the action.

3       **B.     Legal Standard of Review**

4       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

5   Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus

6   filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 326 (1997); Jeffries v. Wood,

7   114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of

8   the AEDPA; thus, it is governed by its provisions.

9       Under AEDPA, an application for a writ of habeas corpus by a person in custody

10  under a judgment of a state court may be granted only for violations of the Constitution

11  or laws of the United States. 28 U.S.C. § 2254(a); Williams v. Taylor, 529 U.S. at 375 n.

12  7 (2000). Federal habeas corpus relief is available for any claim decided on the merits in

13  state court proceedings if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established federal law, as
> determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceeding.

18  28 U.S.C. § 2254(d).

19          1.     Contrary to or an Unreasonable Application of Federal Law

20      A state court decision is "contrary to" federal law if it "applies a rule that

21  contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts

22  that are materially indistinguishable from" a Supreme Court case, yet reaches a different

23  result." Brown v. Payton, 544 U.S. 133, 141 (2005) citing Williams, 529 U.S. at 405-06.

24  "AEDPA does not require state and federal courts to wait for some nearly identical

25  factual pattern before a legal rule must be applied. . . . The statue recognizes . . . that

26  even a general standard may be applied in an unreasonable manner" Panetti v.

27  Quarterman, 551 U.S. 930, 953 (2007) (citations and quotation marks omitted).  The

28  "clearly established Federal law" requirement "does not demand more than a 'principle'

1   or 'general standard.'" Musladin v. Lamarque, 555 F.3d 830, 839 (2009).  For a state

2   decision to be an unreasonable application of clearly established federal law under §

3   2254(d)(1), the Supreme Court's prior decisions must provide a governing legal principle

4   (or principles) to the issue before the state court.  Lockyer v. Andrade, 538 U.S. 63, 70-

5   71 (2003).  A state court decision will involve an "unreasonable application of" federal

6   law only if it is "objectively unreasonable." Id. at 75-76, quoting Williams, 529 U.S. at

7   409-10; Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). In Harrington v. Richter, the

8   Court further stresses that "an *unreasonable* application of federal law is different from

9   an *incorrect* application of federal law." 131 S. Ct. 770, 785 (2011), (citing Williams, 529

10  U.S. at 410) (emphasis in original).  "A state court's determination that a claim lacks

11  merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

12  correctness of the state court's decision." Id. at 786 (citing Yarborough v. Alvarado, 541

13  U.S. 653, 664 (2004)). Further, "[t]he more general the rule, the more leeway courts

14  have in reading outcomes in case-by-case determinations." Id.; Renico v. Lett, 130 S.

15  Ct. 1855, 1864 (2010). "It is not an unreasonable application of clearly established

16  Federal law for a state court to decline to apply a specific legal rule that has not been

17  squarely established by this Court." Knowles v. Mirzayance, 129 S. Ct. 1411, 1419

18  (2009), quoted by Richter, 131 S. Ct. at 786.

19                      2.      Review of State Decisions

20          "Where there has been one reasoned state judgment rejecting a federal claim,

21  later unexplained orders upholding that judgment or rejecting the claim rest on the same

22  grounds." See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  This is referred to as the

23  "look through" presumption. Id. at 804; Plascencia v. Alameida, 467 F.3d 1190, 1198

24  (9th Cir. 2006).    Determining whether a state court's decision resulted from an

25  unreasonable legal or factual conclusion, "does not require that there be an opinion from

26  the state court explaining the state court's reasoning." Richter, 131 S. Ct. at 784-85.

27  "Where a state court's decision is unaccompanied by an explanation, the habeas

28  petitioner's burden still must be met by showing there was no reasonable basis for the

                                            5

1   state court to deny relief." <u>Id.</u> ("This Court now holds and reconfirms that § 2254(d) does

2   not require a state court to give reasons before its decision can be deemed to have been

3   'adjudicated on the merits.'").

4       <u>Richter</u> instructs that whether the state court decision is reasoned and explained,

5   or merely a summary denial, the approach to evaluating unreasonableness under §

6   2254(d) is the same: "Under § 2254(d), a habeas court must determine what arguments

7   or theories supported or, as here, could have supported, the state court's decision; then

8   it must ask whether it is possible fairminded jurists could disagree that those arguments

9   or theories are inconsistent with the holding in a prior decision of this Court." <u>Id.</u> at 786.

10  Thus, "even a strong case for relief does not mean the state court's contrary conclusion

11  was unreasonable." <u>Id.</u> (citing <u>Lockyer v. Andrade</u>, 538 U.S. at 75). AEDPA "preserves

12  authority to issue the writ in cases where there is no possibility fairminded jurists could

13  disagree that the state court's decision conflicts with this Court's precedents." <u>Id.</u> To put

14  it yet another way:

15          As a condition for obtaining habeas corpus relief from a federal
            court, a state prisoner must show that the state court's ruling on the claim
16          being presented in federal court was so lacking in justification that there
            was an error well understood and comprehended in existing law beyond
17          any possibility for fairminded disagreement.

18  <u>Id.</u> at 786-87. The Court then explains the rationale for this rule, i.e., "that state courts

19  are the principal forum for asserting constitutional challenges to state convictions." <u>Id.</u> at

20  787. It follows from this consideration that § 2254(d) "complements the exhaustion

21  requirement and the doctrine of procedural bar to ensure that state proceedings are the

22  central process, not just a preliminary step for later federal habeas proceedings." <u>Id.</u>

23  (citing <u>Wainwright v. Sykes</u>, 433 U.S. 72, 90 (1977).

24          3.    <u>Prejudicial Impact of Constitutional Error</u>

25      The prejudicial impact of any constitutional error is assessed by asking whether

26  the error had "a substantial and injurious effect or influence in determining the jury's

27  verdict." <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 623 (1993); <u>see also</u> <u>Fry v. Pliler</u>, 551

28  U.S. 112, 121-22 (2007) (holding that the <u>Brecht</u> standard applies whether or not the

6

1   state court recognized the error and reviewed it for harmlessness).  Some constitutional

2   errors, however, do not require that the petitioner demonstrate prejudice.  See Arizona v.

3   Fulminante, 499 U.S. 279, 310 (1991); United States v. Cronic, 466 U.S. 648, 659

4   (1984).  Furthermore, where a habeas petition governed by AEDPA alleges ineffective

5   assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the

6   Strickland prejudice standard is applied and courts do not engage in a separate analysis

7   applying the Brecht standard.  Avila v. Galaza, 297 F.3d 911, 918, n. 7 (2002).  Musalin

8   v. Lamarque, 555 F.3d at 834.

9   **IV.    REVIEW OF PETITION**

10          **A.    Claim 1: Failure to File a Verified Criminal Complaint**

11          Petitioner, in his first claim, asserts that the trial court lacked jurisdiction because

12  the prosecution did not file a verified complaint. Petitioner asserts that the failure to file a

13  verified compliant violated his Fourteenth Amendment Due Process rights. Apparently

14  Petitioner feels that California Vehicle Code section 40513(a) requires a verified

15  complaint be filed as a prerequisite to prosecution and that his prosecution without one

16  violated state law and so constituted a denial of state and federal due process. (See Pet.

17  for Review [Lodged Doc. 12] at 14-28.)

18          Initially, a federal court conducting habeas review is limited to deciding whether a

19  state court decision violates the Constitution, laws or treaties of the United States. 28

20  U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 131 S. Ct. 859, 861, 178 L. Ed. 2d

21  732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L.

22  Ed. 2d 385 (1991). Federal habeas corpus relief "does not lie for errors of state law."

23  Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990); McGuire,

24  502 U.S. at 67. Accordingly, to the extent this claim challenges only the trial court's

25  application of state law, or alleges that the trial court abused its discretion, such a claim

26  does not set forth a cognizable ground for habeas corpus relief. See Williams v. Borg,

27  139 F.3d 737, 740 (9th Cir. 1998) (Federal habeas relief is available "only for

28  constitutional violation, not for abuse of discretion.").

1    Assuming that the requirements of section 40513(a) were not followed by the
2    state court, Petitioner does not explain how this violated his due process rights.
3    Petitioner was provided a trial by jury with the opportunity to confront the state's
4    witnesses. Petitioner has not presented any federal authority to support his conclusions
5    that his federal rights were violated by the alleged failure to follow state law. McGuire,
6    502 U.S. at 67. Accordingly, Petitioner is not entitled to federal habeas relief on this
7    claim. The state court's rejection of the claim was not contrary to, or an unreasonable
8    application of, clearly established Supreme Court precedent, or involved an
9    unreasonable determination of the facts. See 28 U.S.C. § 2254(d).

10    **B.    Claim 2: Equal Protection**

11    Petitioner claims that the court failed to protect his right to equal protection of the
12    law at trial. (See Pet. at 8.) Specifically, he alleges that the Court did not permit him to
13    instruct the jury on his view of the laws in question but allowed the prosecuting attorney
14    to explain to the jury his perspective on the laws in issue.

15    The Equal Protection Clause "embodies a general rule that States must treat like
16    cases alike but may treat unlike cases accordingly." Vacco v. Quill, 521 U.S. 793, 799,
17    117 S. Ct. 2293, 138 L. Ed. 2d 834, (1997) (citing Plyler v. Doe, 457 U.S. 202, 216, 102
18    S. Ct. 2382, 72 L. Ed. 2d 786 (1982) and Tigner v. Texas, 310 U.S. 141, 147, 60 S. Ct.
19    879, 84 L. Ed. 1124 (1940)). The Fourteenth Amendment "guarantees equal laws, not
20    equal results." McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir. 1991) (quoting
21    Personnel Adm'r v. Feeney, 442 U.S. 256, 273, 99 S. Ct. 2282, 60 L. Ed. 2d 870 (1979)).
22    A habeas petitioner has the burden of alleging facts sufficient to establish "a prima facie
23    case of uneven application." McQueary, 924 F.2d at 835. "[A] mere demonstration of
24    inequality is not enough . . . There must be an allegation of invidiousness or illegitimacy
25    in the statutory scheme before a cognizable claim arises." Id.

26    Petitioner's theory regarding Equal Protection is without merit. Equal Protection
27    requires the state to treat defendants equally. It does not create a requirement that
28    criminal defendants are required the same protections as the prosecution. See Vargas v.

1  <u>Yarborough</u>, No. CV 04-1949-GHK (JEM), 2010 U.S. Dist. LEXIS 143424, 2010 WL

2  5559766, at *10 (C.D. Cal. Nov. 8, 2010) (finding failure to plead any allegations about

3  differential treatment of similarly situated criminal defendants detrimental to the

4  petitioner's equal protection claim), <u>Hussey v. Long</u>, 2014 U.S. Dist. LEXIS 46356, 48-52

5  (C.D. Cal. Feb. 10, 2014). Petitioner has only compared his treatment to that of the

6  prosecution. He has not demonstrated that any other defendant similarly situated to him

7  was treated differently. Petitioner has not met his burden of establishing a prima facie

8  case of uneven application. <u>See</u> <u>McQueary</u>, 924 F.2d at 835. However, even if Petitioner

9  had shown inequitable application, he has not alleged that there is "invidiousness or

10  illegitimacy in the statutory scheme." <u>Id.</u>

11     Even assuming that Petitioner has alleged disparate treatment in violation of the

12  Equal Protection Clause, Petitioner does not claim that such treatment was the result of

13  his membership in a recognized protected class (<u>see</u> <u>generally</u> Pet.), so the Court

14  analyzes petitioner's equal protection claim under rational basis review. <u>See</u> <u>Heller v.</u>

15  <u>Doe</u>, 509 U.S. 312, 319-21, 113 S. Ct. 2637, 125 L. Ed. 2d 257 (1993); <u>City of Cleburn,</u>

16  <u>Tex.</u>, 473 U.S. at 446; <u>see also</u> <u>Vargas</u>, 2010 U.S. Dist. LEXIS 143424, 2010 WL

17  5559766, at *26 ("[p]etitioner's equal protection claim does not implicate either a suspect

18  class or a fundamental right and need only be scrutinized under the rational basis test").

19  Under this test, the Court ascertains whether the state courts had a rational basis for the

20  denial of Petitioner's right to challenge the judge's finding of relevant law. <u>See</u> <u>Heller</u>,

21  509 U.S. at 319-21. Further, rational basis review involves an "exceedingly low level of

22  judicial scrutiny." <u>See</u>, <u>Aleman v. Glickman</u>, 217 F.3d 1191, 1200-01 (9th Cir. 2000).

23     It is well understood in American legal system that in general judges are to

24  determine the relevant law, while the jury is the trier of fact. California has enacted

25  legislation in 1872 to this effect. <u>See</u> Cal Pen. Code § 1124 ("The court must decide all

26  questions of law which arise in the course of a trial.") Here, the trial court judge was

27  exercising his duty to properly instruct the jury on the relevant law. His actions in

28  rejecting Petitioner's right to instruct the jury regarding the law was rational and did not

1   violate Petitioner's Equal Protection rights.

2        The state courts' rejection of Petitioner's equal protection claim was not contrary

3   to or an unreasonable application of federal law. Accordingly, Petitioner is not entitled to

4   federal habeas relief on this claim.

5   **V.    CONCLUSION**

6        Petitioner is not entitled to relief with regard to the claims presented in the instant

7   petition. The Court therefore orders that the petition be DENIED.

8   **VI.    CERTIFICATE OF APPEALABILITY**

9        A state prisoner seeking a writ of habeas corpus has no absolute entitlement to

10  appeal a district court's denial of his petition, and an appeal is only allowed in certain

11  circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute

12  in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which

13  provides as follows:

14  (a) In a habeas corpus proceeding or a proceeding under section 2255
    before a district judge, the final order shall be subject to review, on appeal,
15  by the court of appeals for the circuit in which the proceeding is held.

16  (b) There shall be no right of appeal from a final order in a proceeding to
    test the validity of a warrant to remove to another district or place for
17  commitment or trial a person charged with a criminal offense against the
    United States, or to test the validity of such person's detention pending
18  removal proceedings.

19  (c)    (1) Unless a circuit justice or judge issues a certificate of
    appealability, an appeal may not be taken to the court of appeals from—
20

21           (A) the final order in a habeas corpus
             proceeding in which the detention complained
22           of arises out of process issued by a State
             court; or

23           (B) the final order in a proceeding under
             section 2255.
24

25  (2) A certificate of appealability may issue under paragraph
    (1) only if the applicant has made a substantial showing of
26  the denial of a constitutional right.

27  (3) The certificate of appealability under paragraph (1) shall
    indicate which specific issue or issues satisfy the showing
    required by paragraph (2).
28

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that no reasonable jurist would find the Court's determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable, nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DENIED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   October 30, 2014      /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE